IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHEROD BROWN, KA-6732, )
    Petitioner, )
     )
    v. ) 2:18-cv-205
     )
PENNSYLVANIA BOARD OF )
PAROLE AND PROBATION, et al., )
    Respondents. )

MEMORANDUM OPINION and ORDER

Sherod Brown who was an inmate at the State Correctional Institution-Greene when he submitted the present petition for a writ of habeas corpus challenges the actions of the Pennsylvania Board of Parole and Probation ("the Board") (ECF No.1). For the reasons set forth below the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Brown was originally convicted and sentenced in the Court of Common Pleas of Philadelphia County, Pennsylvania on August 4, 2008 for manufacture/delivery/possession with intent to manufacture or deliver and possession of controlled substances at No. CP-51-CR-2187-2008 and the imposition of a term of twenty-seven to fifty-four months of confinement to be followed by one year of probation.[1] At that time his minimum release date was October 7, 2012 and his maximum release date was January 7, 2015.[2]

On October 20, 2013, the Board issued a warrant for the petitioner and he was arrested on October 30, 2013 for drug usage, firearms violation and alcohol possession.[3] On December 10, 2013 the Board ordered petitioner detained pending disposition of the new criminal charges, and to recommit him as a technical violator to serve six month for technical violations. At that time the petitioner's sentence maximum date was set at January 7, 2015 "subject to change if convicted of outstanding criminal charges."[4] As a result of his subsequent conviction and

---

[1] See: Answer at Exhibit A.
[2] Id. at Exhibit B.
[3] Id. at Exhibit F.
[4] Id. at Exhibit J.

sentence, on July 24, 2017 the Board ordered him to be committed and detained. At that time, it was noted that "offender owes approximately 2 years, 2 months and 30 days."[5] On December 13, 2017, the Board modified its December 10, 2013 action and ordered petitioner recommitted as a convicted parole violator to serve his remaining unexpired term of two years, one month and 28 days. As a result, his maximum sentence was adjusted to demonstrate a maximum date of September 21, 2019.[6] That determination was modified to reflect an unexpired term of 1 year and 22 days. This established a maximum sentence expiration of August 15, 2018.[7]

In his reply, petitioner contends that subsequent to his filing the instant petition, he received the April 2018 correction of his maximum date to August 15, 2018. "Although petitioner acknowledges new adjustment and correction of max date, it is petitioner's belief that adjustment would have not been made if petitioner would not have filed a writ of habeas corpus" and as a result he should be exempt from the exclusion of the 122 days of street time after he originally maxed out his sentence.[8]

The relevant Pennsylvania statute, 61 Pa.C.S. § 6138(a)(2) provides:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and … shall be given no credit for the time at liberty on parole.

As a matter of state law this claim is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Finally, the relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here

---

[5] Id. at Exhibit R.
[6] Id. at Exhibit X.
[7] Id. at Exhibits Z, AA and BB.
[8] We note that on August 15, 2018, Brown notified the Court that he had been released from custody. (ECF No. 26).

since the reasons for denying parole were based on the plaintiff's conduct outside the institution and not on some arbitrary or capricious basis. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

Thus, the record clearly demonstrates that Brown's incarceration was not the result of a violation of any federally protected rights. Rather, the record demonstrates that at the time of his release on parole he still had a term remaining on his original sentence. Thus, the continuation of his incarceration after revocation is fully supported by the record here and not based on any arbitrary or capricious factors. For this reason, there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
United States Magistrate Judge

ORDER

AND NOW, this 29th day of November, 2018, for reasons set forth in the foregoing Memorandum, the petition of Sherod Brown for a writ of habeas corpus (ECF No.1) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

                                                s/ Robert C. Mitchell
                                                United States Magistrate Judge